JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Robert Metzfield

## DEFENDANTS

Wells Fargo & Company
Wells Fargo Clearing Services, LLC
Michael Sciulli

**(b)** County of Residence of First Listed Plaintiff  Burlington County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  San Francisco County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq., Console Mattiacci Law, LLC

1525 Locust St., 9th Fl., Philadelphia, PA 19102 (215) 545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                       *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq.

Brief description of cause:
Plaintiff was discriminated against because of his age.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
05/07/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Mount Laurel, NJ 08054 _____

Address of Defendant: _____ 420 Montgomery Street, San Francisco, CA 94163 _____

Place of Accident, Incident or Transaction: _____ 1 S. Broad Street, Philadelphia, Pennsylvania 19107 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/07/2021      _____      319145
                        *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     *(Please specify):* _____

**B.**    *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Brian C. Farrell _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 05/07/2021      _____      319145
                        *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| | : | CIVIL ACTION |
| Robert Metzfield | : | |
| v. | : | |
| | : | |
| Wells Fargo & Company | : | |
| Wells Fargo Clearing Services, LLC; and | : | NO. |
| Michael Sciulli | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.               ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( X )

| | | |
|---|---|---|
| 05/07/2021 | | Plaintiff, Robert Metzfield |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | farrell@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

_____     :
**ROBERT METZFIELD**                     :
                                         :     **CIVIL ACTION NO.**
                         **Plaintiff,**  :
                                         :
           **v.**                        :
                                         :
**WELLS FARGO & COMPANY;**               :
                                         :
**WELLS FARGO CLEARING**                 :     **JURY TRIAL DEMANDED**
**SERVICES, LLC; and**                   :
                                         :
**MICHAEL SCIULLI**                      :
                                         :
                     **Defendants.**     :
_____     :

## COMPLAINT

**I.**    **INTRODUCTION**

Plaintiff, Robert Metzfield ("Plaintiff"), brings this civil action against Defendants, Wells Fargo & Company and Wells Fargo Clearing Services, LLC (collectively, "Wells Fargo"), his former employers, for violations of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1100, *et seq.* ("PFPO"). Plaintiff also brings this action against Michael Sciulli ("Defendant Sciulli"), for aiding, abetting, inciting and/or coercing Wells Fargo's discriminatory actions, in violation of the PHRA and PFPO. Plaintiff seeks damages, including economic, compensatory, punitive, liquidated, attorneys' fees, and all other relief that this Court deems appropriate.

**II.**    **PARTIES**

1.    Plaintiff Robert Metzfield is a U.S. citizen and resident of the state of New Jersey,

1

residing therein in Mount Laurel, NJ 08054.

2.      Plaintiff was born in 1954 and is currently sixty-six (66) years old. Plaintiff was sixty-four (64) years old at the time Wells Fargo terminated his employment.

3.      Defendant Wells Fargo & Company is a corporation organized and existing under the laws of Delaware, with its principal place of business at 420 Montgomery Street, San Francisco, CA 94163.

4.      Defendant Wells Fargo Clearing Services, LLC, is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at One North Jefferson Avenue, in St. Louis, MO 63103.

5.      Defendant Michael Sciulli is an individual and a Managing Director – Head of Business Advisory Services for Wells Fargo. Upon information and belief, Defendant Sciulli maintains a principal place of business at 280 Park Avenue, New York, NY 10017.

6.      Defendant Wells Fargo Clearing Services, LLC, was the entity that paid Plaintiff.

7.      Defendant Wells Fargo & Company controls and directs certain business operations and policies of Defendant Wells Fargo Clearing Services, LLC.

8.      Defendants Wells Fargo & Company and Wells Fargo Clearing Services, LLC, present themselves as a single company such that third parties deal with them as one unit.

9.      When Wells Fargo notified Plaintiff of his termination, the company gave him a "Displacement Notification" memorandum that stated that his "position will be affected by either a position elimination or a substantial position change as defined by the Wells Fargo & Company Salary Continuation Pay Plan (the 'Plan'). This memo and the enclosed Agreement and Release of Claims (the 'Agreement'), provide you with important information about your separation from Wells Fargo Clearing Services, LLC, a Wells Fargo & Company business."

2

10.     The signature block on the Agreement and Release of Claims that Wells Fargo provided to Plaintiff (which he did not sign) required a signature by the Plan Administrator for Wells Fargo & Company Salary Continuation Pay Plan.

11.     At all relevant times, Defendants Wells Fargo & Company and Wells Fargo Clearing Services, LLC, collectively constituted Plaintiff's employers under the joint and/or single employer doctrine inasmuch as they shared common management, had interrelated operations, collectively controlled Plaintiff's job duties and responsibilities, and collectively caused the actions complained of herein.

12.     Wells Fargo is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

13.     At all relevant times, Wells Fargo employed more than twenty (20) employees.

14.     At all relevant times, Wells Fargo acted by and through its authorized agents and/or employees, each of whom acted within the course and scope of their authority and employment with Wells Fargo.

15.     At all relevant times, Wells Fargo acted as an employer within the meaning of the statutes which form the basis of this matter.

16.     At all relevant times, Plaintiff was an employee of Wells Fargo within the meaning of the statutes which form the basis of this matter.

17.     As of the time that Wells Fargo notified Plaintiff of his termination, he worked out of Wells Fargo's location at One South Broad Street, Philadelphia, PA 19107.

## III.    <u>JURISDICTION AND VENUE</u>

18.     The causes of action which form the basis of this matter arise under the ADEA, 29 U.S.C. §621, *et seq.*, the PHRA, 43 P.S. §951, *et seq.*, and the PFPO, Phila. Code §9-1100, *et seq.*

3

19.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

20.     The District Court has jurisdiction over Counts II-III (PHRA) and Counts IV-V (PFPO) pursuant to 28 U.S.C. §1367.

21.     The District Court also has jurisdiction over all Counts (ADEA, PHRA, PFPO) pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the state of New Jersey and Defendants are not citizens of the state of New Jersey.

22.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

23.     On or about May 21, 2019, Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged herein. This Charge was cross-filed with the United States Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the PHRC Charge of Discrimination (with personal identifying information redacted).

24.     On or about February 8, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

25.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.     **FACTUAL ALLEGATIONS**

26.     Plaintiff was employed by Wells Fargo from in or about December 2014 until on

or about May 2, 2019, the date of his unlawful, discriminatory termination.

27.     At all relevant times, Plaintiff held the position of Vice President, Business Sales and Advisory and reported directly to David Bowman ("Bowman"), Executive Managing Director.

28.     In September 2018, Plaintiff began reporting indirectly to Defendant Sciulli, Managing Director, Head of Business Advisory Services.

29.     At all relevant times, Plaintiff was the oldest employee reporting (directly or indirectly) to Defendant Sciulli.

30.     On or about March 4, 2019, Defendant Sciulli scheduled his very first in-person meeting with Plaintiff. During this meeting, Defendant Sciulli abruptly notified Plaintiff that his employment would be terminated, effective May 2, 2019. Defendant Sciulli cited "job elimination" as the company's rationale for this decision.

31.     Plaintiff was blindsided by the news of his termination. Prior to this meeting with Defendant Sciulli, Plaintiff had no indication that his job was in jeopardy.

32.     Wells Fargo did not eliminate Plaintiff's position.

33.     Instead, Wells Fargo terminated Plaintiff's employment because of his age (64).

34.     Wells Fargo's stated reasons for terminating Plaintiff's employment were false and a pretext for unlawful age discrimination.

35.     Plaintiff was the only employee reporting (directly or indirectly) to Defendant Sciulli who received notification of employment termination on March 4, 2019.

36.     Wells Fargo retained several similarly situated, substantially younger Vice Presidents at the same time for no stated reason, including (1) Patrick O'Halahan (approximately age 52); (2) a 38-year-old Vice President (name unknown); (3) a 35-year-old Vice President (name unknown); and (4) a 32-year-old Vice President (name unknown).

5

37.    Plaintiff was as or more qualified than these employees to perform their respective Vice President positions.

38.    Plaintiff had more service time with Wells Fargo than three of the four abovementioned employees.

39.    Wells Fargo failed to provide Plaintiff with any further explanation, including the selection criteria, as to why his employment was terminated and similarly situated, substantially younger employees were retained.

40.    Defendant Sciulli informed Plaintiff at the end of the March 4, 2019 termination meeting that Wells Fargo had two open Vice President positions located in Charlotte, North Carolina. Defendant Sciulli told Plaintiff that he could apply for these open jobs if he wanted to remain employed by Wells Fargo.

41.    On March 8, 2019, Plaintiff informed Arlene Kelly ("Kelly"), Senior Retain Recruiter, Corporate Human Resources, that he wanted to apply for the open Vice President positions mentioned by Defendant Sciulli during his termination meeting.  Kelly told Plaintiff that Wells Fargo had actually closed those positions to application because the company had already identified candidates for interviews. Kelly then instructed Plaintiff to contact Defendant Sciulli with further questions given Defendant Sciulli's role as the hiring manager for those jobs.

42.    Later on March 8, 2019, in an e-mail to Defendant Sciulli, Plaintiff stated his intent to apply for the open Vice President positions and asked to be considered as a candidate.

43.    On March 11, 2019, Defendant Sciulli informed Plaintiff that the Vice President positions would remain closed for application given that he had already identified candidates for interviews. As a result, Defendant Sciulli indicated he would not consider Plaintiff for the jobs. This was directly contrary to what Defendant Sciulli told Plaintiff during the March 4, 2019

6

termination meeting.

44.     Wells Fargo blocked Plaintiff from applying for the two open Vice President positions for which he was qualified and had expressed interest because of his age (64).

45.     Upon information and belief, Wells Fargo hired substantially younger, less-experienced, and less-qualified individuals into the open Vice President positions.

46.     After Plaintiff learned he would not be considered for the Vice President positions, Plaintiff requested that Defendant Sciulli allow him to remain employed with Wells Fargo on a temporary basis to complete certain transactions and deals that he had been working on for some time.

47.     On March 20, 2019, in an e-mail to Defendant Sciulli, Plaintiff provided a summary of his open deals, including the status, closure timeframe, and potential bonus amounts Plaintiff would earn upon successful closure of the deals.

48.     Plaintiff received no response from Defendant Sciulli.

49.     Wells Fargo terminated Plaintiff's employment on May 2, 2019.

50.     Wells Fargo did not offer Plaintiff an opportunity to remain employed in any capacity.

51.     Wells Fargo assigned Plaintiff's job duties to substantially younger employees following Plaintiff's termination.  Plaintiff was as or more qualified to perform these job duties in comparison to the said substantially younger employees.

52.     Defendant Sciulli aided, abetted, incited, compelled and/or coerced the discrimination to which Plaintiff was subjected during his employment with Wells Fargo.

53.     As a direct and proximate result of the discriminatory conduct of Wells Fargo, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning

capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

54.     Wells Fargo acted with malice and/or reckless indifference to Plaintiff's protected rights.

55.     The conduct of Wells Fargo, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages.

## COUNT I – ADEA
### (Disparate Treatment Based on Age)
**Plaintiff v. Defendants Wells Fargo & Company and Wells Fargo Clearing Services, LLC**

56.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

57.     Wells Fargo intentionally discriminated against Plaintiff based on his age.

58.     By committing the foregoing acts of age discrimination against Plaintiff, including, without limitation, terminating Plaintiff employment and rejecting his applications/failing to hire him into open Vice President positions, Wells Fargo has violated the ADEA.

59.      As a direct and proximate result of Wells Fargo's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Wells Fargo's discriminatory acts unless and until this Court grants the relief requested herein.

60.     Wells Fargo's violations of the ADEA were intentional and willful under the circumstances and warrant the imposition of liquidated damages.

## COUNT II - PHRA
### (Disparate Treatment Based on Age)
**Plaintiff v. Defendants Wells Fargo & Company and Wells Fargo Clearing Services, LLC**

61.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

62.     Wells Fargo intentionally discriminated against Plaintiff based on his age.

63.     By committing the foregoing acts of age discrimination against Plaintiff, including, without limitation, terminating Plaintiff employment and rejecting his applications/failing to hire him into open Vice President positions, Wells Fargo has violated the PHRA

64.      As a direct and proximate result of Wells Fargo's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Wells Fargo's discriminatory acts unless and until this Court grants the relief requested herein.

**COUNT III - PHRA**
**(Aiding and Abetting)**
**Plaintiff v. Defendant Michael Sciulli**

65.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

66.     Defendant Sciulli willfully and knowingly aided, abetted, incited, compelled and/or coerced Wells Fargo in the discrimination to which Plaintiff was subjected.

67.     Defendant Sciulli knowingly gave substantial assistance and/or encouragement to the unlawful acts of discrimination of Wells Fargo towards Plaintiff.

68.     Defendant Sciulli, by committing the foregoing acts of discrimination, has violated the PHRA.

69.     Said violations were intentional and willful.

70.     As a direct and proximate result of Defendant Sciulli's violations of the PHRA,

Plaintiff has sustained the injuries, damages and losses set forth herein.

71.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Sciulli's discriminatory acts unless and until the Court grants the relief requested herein.

**COUNT IV - PFPO**
**(Disparate Treatment Based on Age)**
**Plaintiff v. Defendants Wells Fargo & Company and Wells Fargo Clearing Services, LLC**

72.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

73.     Wells Fargo intentionally discriminated against Plaintiff based on his age.

74.     By committing the foregoing acts of age discrimination against Plaintiff, including, without limitation, terminating Plaintiff employment and rejecting his applications/failing to hire him into open Vice President positions, Wells Fargo has violated the PFPO.

75.      As a direct and proximate result of Wells Fargo's violation of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Wells Fargo's discriminatory acts unless and until this Court grants the relief requested herein.

76.     Wells Fargo acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages under the PFPO.

**COUNT V - PFPO**
**(Aiding and Abetting)**
**Plaintiff v. Defendant Michael Sciulli**

77.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

10

78.    Defendant Sciulli willfully and knowingly aided, abetted, incited, compelled and/or coerced Wells Fargo in the discrimination to which Plaintiff was subjected.

79.    Defendant Sciulli knowingly gave substantial assistance and/or encouragement to the unlawful acts of discrimination of Wells Fargo towards Plaintiff.

80.    Defendant Sciulli, by committing the foregoing acts of discrimination, has violated the PFPO.

81.    Defendant Sciulli acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and their conduct warrants the imposition of punitive damages.

82.    As a direct and proximate result of Defendant Sciulli's violations of the PFPO Plaintiff has sustained the injuries, damages and losses set forth herein.

<u>**RELIEF**</u>

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that this Court grant him the following relief by:

(a)    declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)    declaring the acts and practices complained of herein to be in violation of PHRA;

(c)    declaring the acts and practices complained of herein to be in violation of the PFPO;

(d)    enjoining and permanently restraining the violations alleged herein;

(e)    entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(f)    awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result

of Defendants' unlawful conduct;

(g)     awarding compensatory damages for lost bonus and commission income;

(h)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(i)     awarding punitive damages to Plaintiff;

(j)     awarding liquidated damages to Plaintiff under the ADEA;

(k)     awarding Plaintiff such other damages as are appropriate under the ADEA, PHRA, and PFPO;

(l)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(m)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

**CONSOLE MATTIACCI LAW, LLC**

By: /s/ Brian C. Farrell
Brian C. Farrell, Esquire
Console Mattiacci Law, LLC
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 565-2851 (fax)
farrell@consolelaw.com
Attorney for Plaintiff, Robert Metzfield

Date: May 7, 2021

Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

|                                                                                                                   |     |                             |
|-------------------------------------------------------------------------------------------------------------------|-----|-----------------------------|
|                                                                                                                   | :   |                             |
| Robert Metzfield,                                                                                                 | :   |                             |
|           Complainant                                                                                             | :   |                             |
|                                                                                                                   | :   |                             |
|           v.                                                                                                      | :   PHRC Case No. 201901695 |
|                                                                                                                   | :   |                             |
| Wells Fargo Bank, N.A.; Wells Fargo &                                                                             | :   EEOC No. 17F202060327   |
| Company; Wells Fargo Clearing Services,                                                                           |     |                             |
| LLC; Michael Sciulli (aider and abettor),                                                                         |     |                             |
|           Respondents                                                                                             | :   |                             |
|                                                                                                                   | :   |                             |

## COMPLAINT

### JURISDICTION

1.   Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### PARTIES

2.   The Complainant herein is:

     Robert Metzfield
     ████████████████████
     Mount Laurel, NJ  08054

3.   The Respondents herein are:

     Wells Fargo Bank, N.A.; Wells Fargo & Company; Wells Fargo Clearing
     Services, LLC;
     One South Broad Street, 6th Floor
     Philadelphia, PA 19107

     Michael Sciulli, (aider and abettor)
     Employment address
     Wells Fargo Bank, N.A.
     One South Broad Street, 6th Floor
     Philadelphia, PA 19107

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

<u>COMPLAINT</u>

| | |
|---|---|
| COMPLAINANT: | |
| **ROBERT METZFIELD** | Docket No. 2019 01695 |
| v. | |
| RESPONDENTS: | |
| **WELLS FARGO BANK, N.A.** | |
| and | |
| **WELLS FARGO & COMPANY** | |
| and | |
| **WELLS FARGO CLEARING SERVICES, LLC** | |
| and | |
| **MICHAEL SCIULLI, aider and abettor** | |

1.  The Complainant herein is:

   Name:      <u>Robert Metzfield</u>
   Address:   ███████████████
              Mt. Laurel, NJ 08054

2.  The Respondents herein are:

   Name:      <u>Wells Fargo Bank, N.A.; Wells Fargo & Company; Wells
              Fargo Clearing Services, LLC ("Respondent Company");
              Michael Sciulli ("Respondent Sciulli"), aider and abettor</u>
   Address:   One South Broad Street, 6th Floor
              Philadelphia PA 19107

3.   I, <u>Robert Metzfield</u>, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (64), as set forth below.

<u>Discrimination</u>

**A.  I specifically allege:**

[1]       I was hired by Respondent Company in or about December 2014.

[2]       I consistently performed my job duties in a highly competent manner, and received positive feedback.

[3]       I last held the position of Vice President, Business Sales and Advisory.

[4]       I last reported to David Bowman (52[1]), Executive Managing Director. Bowman reported to Respondent Michael Sciulli (52), Managing Director, Head of Business Advisory Services.

[5]       In September 2018, I began indirectly reporting to Respondent Sciulli.

[6]       I was the oldest Vice President employee indirectly reporting to Respondent Sciulli.

[7]       On March 4, 2019, in a meeting with Respondent Sciulli, Respondent Company notified me of termination, effective May 2, 2019. I was blindsided. This was the first time I had met with Respondent Sciulli. Before the termination meeting, I had no indication that my job was in jeopardy. The stated reason for my termination was job elimination. I was told that there were two (2) open Vice President positions, for which I was qualified, located in Charlotte, North Carolina. I was told that I could apply for the positions.

[8]       The OWBPA Report that I was given by Respondent Company stated that "this report identifies team members (by job title) in the impacted organizational unit who were identified for displacement due to the closure of their worksite, elimination of a job function or

---

[1] All ages herein are approximations.

through a displacement selection process." The OWBPA Report stated that the "eligibility factor(s) used in the selection process were: -Job Criticality," and that the "organizational unit for this selection process was identified by the following factor(s): Location."

[9]     I was the only employee listed on the OWBPA Report.

[10]     Respondents' stated reasons for terminating my employment are pretext.

[11]     Respondents terminated my employment because of my age.

[12]     Respondents failed to relocate and/or transfer me to an open position for which I was qualified.

[13]     Respondents offered no explanation for failing to relocate and/or transfer me to an open position for which I was qualified.

[14]     Respondents failed to relocate and/or transfer me to an open position for which I was qualified because of my age.

[15]     I was the only employee indirectly reporting to Respondent Sciulli who was notified of termination on March 4, 2019.

[16]     Respondents offered no explanation as to why I was terminated and the younger employees were retained.

[17]     At the time of my termination, the following Vice President employees were indirectly reporting to Respondent Sciulli: _____ (32); _____ (35); _____ (38); and Patrick O'Halahan (52).

[18]     I was as or more qualified to perform each of the above employees' positions.

[19]     I had more service time at Respondents than three (3) out of the four (4) above employees.

[20]    On March 8, 2019, in a phone call with Arlene Kelly, Senior Retain Recruiter, Corporate Human Resources, I stated that I wanted to apply for the open Vice President positions. I was told that the positions were closed, and that candidates for the positions were already being identified for interviews. I was told to contact Respondent Sciulli, since he was the hiring manager for the positions, and he may open up the positions so that I could apply for them.

[21]    On March 8, 2019, in an email from Kelly, I was told that the positions postings were taken down, but could be reopened. I was told that Respondent Sciulli would decide whether to reopen the position postings so that I could apply.

[22]    On March 8, 2019, in an email to Respondent Sciulli, I stated that I wanted to apply for the open Vice President positions. I stated that I had contacted the Human Resources Services Center regarding the open positions. I stated that the positions were no longer posted and I was told that I would need to reach out to him, as the hiring manager who posted the positions, to ask to be included as a candidate.

[23]    On March 11, 2019, in a phone call with Respondent Sciulli, he told me that he was the hiring manager, there were candidates for the positions already being identified for interviews, the positions would remain closed, and I could not apply for the positions. I then requested to remain employed with Respondents on a temporary basis, to complete the transactions and deals I was working on.

[24]    On March 15, 2019, in an email to Respondent Sciulli, I again requested to remain employed with Respondents on a temporary basis, to complete the transactions and deals I was working on.

[25]     On March 20, 2019, in an email to Respondent Sciulli, I provided a summary of the deals I was working on, including the status, closure timeframe, and potential bonus amounts I would earn upon successful closure of the deals.

[26]     I received no response to my email.

[27]     Respondents denied me continued employment on a temporary basis.

[28]     Respondents blocked me from applying for the two (2) open Vice President positions for which I was qualified and had expressed interest.

[29]     Respondents offered no explanation for blocking me from applying for the two (2) open Vice President positions for which I was qualified and had expressed interest.

[30]     Respondents blocked me from applying for the two (2) open Vice President positions for which I was qualified and had expressed interest because of my age.

[31]     Respondents refused to allow me to remain employed on a temporary basis to complete the transactions and deals I had been working on.

[32]     Respondents refused to allow me to remain employed on a temporary basis to complete the transactions and deals I had been working on because of my age.

[33]     On April 8, 2019, in an email to Respondent Sciulli, I reiterated my interest in remaining employed with Respondents and summarized my communications with Respondent Sciulli and Kelly, as detailed above, since having been notified of termination.

[34]     I received no response to my email.

[35]     I was not offered any opportunity to remain employed with Respondents.

[36]     Respondents assigned my job duties to younger employees. I was as or more qualified to perform my job duties than the younger employees who were retained and assigned my job duties.

[37]     Respondent Sciulli aided and abetted Respondent Company in discriminating against me based on my age.

[38]     Respondents' conduct evidences a bias against older employees.

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (64), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    __X__     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a)__**

          Section 5.1 Subsection(s) _____

          Section 5.2 Subsection(s) _____

          Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    __X__     **This charge will be referred to the EEOC for the purpose of dual filing.**

6.     The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

<u>VERIFICATION</u>

    I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.


MAY 21, 2019 _____      _____
(Date Signed)                     (Signature)   Robert Mayfield

                                 Mt. Laurel, NJ 08054

Exhibit "2"

EEOC Form 161-B (11/2020)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: **Robert Metzfield** | From: | **Philadelphia District Office** |
|---|---|---|
| ████████████ | | **801 Market Street** |
| **Mount Laurel, NJ 08054** | | **Suite 1000** |
| | | **Philadelphia, PA 19107** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Kurt Jung** | |
| **17F-2020-60327** | **State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*

**02/08/2021**

Enclosures(s)

**Jamie R. Williamson
District Director**

*(Date Issued)*

cc:   **WELLS FARGO BANK, N.A.**

**Brian C. Farrell, Esq.
Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102**
farrell@consolelaw.com
murphy@consolelaw.com

**Xor Vue
Administrative Assistant
Wells Fargo Law Department
907 S. 7th Street, 9th Floor
Minneapolis, MN 55402**
legaleeoteam@wellsfargo.com